UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JASON JARREL SPIKES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-17642** |
| **JOSH McMORRIS, ET AL.** | **SECTION: "H"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Jason Jarrel Spikes, a state prisoner, filed the instant *pro se* and *in forma pauperis* federal civil action pursuant to 42 U.S.C. § 1983. He sued Josh McMorris, Jim Miller, and Deputy Larrocca.[1] In his complaint, plaintiff states his claims as follows:

> Jim Miller and Josh McMorris went under oath at my trial and committed perjury by saying they assign you to dormitories and bed bunks. When the other two guards and I told the truth under oath you just get assigned to dormitories and you can sleep anywhere you want.
> Dy Larocca said he gotten some synthetic marijuana out of my pocket and I proved innocence by common sense, and letting the jury know he tried to set me up because he was the one introducing contraband.[2]

It appears that plaintiff is referencing testimony in his state criminal case in which he was convicted of possession or introduction of contraband in a state correctional institution and sentenced as a fourth-felony habitual offender to twenty years imprisonment without benefit of probation or suspension of sentence.[3]

---

[1] This defendant's surname is given as both Larrocca and Larocca in the complaint.
[2] Rec. Doc. 3-1, pp. 4 and 6.
[3] See State v. Spikes, No. 2017KA0655, 2017 WL 6524791 (La. App. 1st Cir. Dec. 21, 2017). In that case, plaintiff was tried on two counts of possession or introduction of contraband in a state correctional institution, violations of La. Rev. Stat. Ann. § 14:402. The Louisiana Fourth Circuit Court of Appeal summarized the facts of the case as follows:

> On February 27, 2016, officers with the Washington Parish Sheriff's Office noticed a few inmates, including the defendant, behaving in an unusual manner. The defendant was "staggering

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)    is frivolous or malicious;
> (ii)   fails to state a claim on which relief may be granted; or
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

---

around" toward his bunk and appeared to be impaired. The defendant was later found passed out on his bunk. In response to the unusual behavior, the officers cleared the inmates from their cell block and searched the cells. During the search, the officers pulled back the blankets on the defendant's bunk, flipped back the mat, and found a homemade knife. When the defendant was told that the officers found his knife, he responded, "That's okay. I'll just make another one."

Five days later, on March 3, 2016, the officers smelled something suspicious and noticed that the defendant appeared to be under the influence. The defendant was subsequently escorted out of his cell and searched. During the search, the officers located a pack of suspected synthetic marijuana in the defendant's prison jumpsuit. The substance found in the defendant's jumpsuit was tested and determined to be MDMB-CHMZCA, which is known to be a synthetic cannabinoid.

Id. at *1. Plaintiff was convicted on one count (which involved the homemade knife) and found non-guilty on the second count (which apparently involved the synthetic cannabinoid).

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief against a defendant immune from such relief.

In this lawsuit, plaintiff claims that the defendants committed perjury when testifying at his state criminal trial. However, such claims simply are not actionable under 42 U.S.C. § 1983. As United States Fifth Circuit Court of Appeals has explained:

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

> [T]he Supreme Court has repeatedly made clear, in the § 1983 context, a trial witness has absolute immunity with respect to any claim based on the witness' testimony. This is because a witness' fear of retaliatory litigation may deprive the tribunal of critical evidence and the possibility of civil liability is not needed to deter false testimony at trial because other sanctions provide a sufficient deterrent. And we have explained that the reason for granting absolute immunity to a witness against claims arising from testimony applies with equal force in both trial and adversarial pretrial settings.

Moffett v. Bryant, 751 F.3d 323, 325-26 (5th Cir. 2014) (footnotes, quotation marks, brackets, and ellipsis omitted). The Fifth Circuit has further explained:

> The protection accorded to the dishonest witness is simply a necessary consequence of a rule deemed essential to maintaining the integrity of the judicial process. Moreover, granting immunity from § 1983 liability does not provide witnesses with a license to testify falsely or leave the public powerless to deter misconduct or to punish that which occurs. This Court has never suggested that the policy considerations which compel civil immunity for certain governmental officials also place them beyond the reach of the criminal law. The witness who lies on the stand may be prosecuted for perjury. This threat of criminal sanctions provides a sufficient deterrent against abuse of the witness privilege. If the risk of having to defend a civil damage suit is added to the deterrent against such conduct already provided by criminal laws against perjury and subornation of perjury, the risk of self-censorship becomes too great.

Charles v. Wade, 665 F.2d 661, 667 (5th Cir. 1982) (citations, quotation marks, and brackets omitted).

Out of an abundance of caution, the Court also makes an additional observation: two of the forms of relief plaintiff requests in his prayer for relief are not available in a federal civil rights action.

First, plaintiff asks that his conviction be overturned. However, when a plaintiff is challenging "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500

(1973); see also Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994). Moreover, it would be futile to construe the complaint in part as a federal habeas corpus petition for the following reasons.

A state prisoner must first exhaust his remedies in the state courts before seeking habeas corpus relief in the federal courts. 28 U.S.C. § 2254(b)(1). To meet that exhaustion requirement, he must provide the state's highest court with a "fair opportunity to pass upon [his] claim[s]." Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999).

In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). On January 22, 2018, the undersigned's staff contacted the Clerk of the Louisiana Supreme Court and confirmed that plaintiff had filed no applications whatsoever in that court concerning this conviction. Because he has not given that court a fair opportunity to rule on his claims, they are necessarily unexhausted.[5] Accordingly, he would not be entitled to federal habeas corpus relief at this time.[6]

Second, plaintiff requests that the defendants be indicted. That form of relief is likewise unavailable in a § 1983 action. See, e.g., Spikes v. Seal, Civ. Action No. 16-2794, 2016 WL 8469636, at *4 (E.D. La. Nov. 23, 2016) (van Meerveld, M.J.), adopted, 2017 WL 959392 (E.D.

---

[5] In light of the fact that the Louisiana First Circuit Court of Appeal's decision was issued on December 21, 2017, it is possible that plaintiff has filed an application which has not yet been processed and docketed by the Louisiana Supreme Court. However, even if so, he still cannot meet the federal exhaustion requirement until he has afforded that court a fair opportunity to rule on the application. See, e.g., Aguilar v. Cain, Civ. Action No. 15-1637, 2015 WL 5774848, at *2 (E.D. La. Sept. 24, 2015) ("Where … state applications remain pending, it generally cannot be said that the claims asserted therein are exhausted."); Larrimore v. Montgomery, No. CV-13-8841, 2013 WL 6478599, at *1 (C.D. Cal. Dec. 9, 2013) ("[W]hen a federal habeas claim is still pending before a state court, a federal habeas petitioner has not met the exhaustion requirement because he has not given the state court the first opportunity to address the federal claim."); Bartley v. Beckstrom, Civil No. 7:12-cv-66, 2013 WL 149481, at *2 (E.D. Ky. Jan. 14, 2013); Cunningham v. Green, Civ. Action No. 09-cv-02942, 2010 WL 1667786, at *2 (D. Colo. Apr. 23, 2010) ("[M]erely filing an appeal does not satisfy the fair presentation requirement."); Prior v. Hofmann, No. 1:08-cv-139, 2008 WL 5412850, at *2 (D. Vt. Dec. 29, 2008) ("Because it is undisputed that Prior's ineffective assistance claim is still pending before the Vermont Supreme Court, his state court remedies on that issue have not been exhausted.").

[6] Plaintiff may, of course, subsequently file a federal habeas corpus petition. However, he must first exhaust his remedies in the state courts, and any federal petition must be filed in a timely manner in accordance with federal law.

La. Mar. 13, 2017) (Milazzo, J.); Goldston v. Weary, Civ. Action No. 14-1836, 2015 WL 423066, at *6 n.2 (E.D. La. Feb. 2, 2015) (Brown, J.); Ware v. Tanner, Civ. Action No. 12-2250, 2013 WL 5589506, at *10 (E.D. La. Oct. 10, 2013) (Feldman, J.).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief against a defendant immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-fifth day of January, 2018.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**